IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DARRYL K. AH MAU,                )      CV 08-00109 SOM-LEK
Individually and as the          )
Personal Representative for      )
the Estate of Sarah Lokelani     )
Ah Mau, Deceased, ET AL.,        )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
STATE OF HAWAII,                 )
                                 )
          Defendant.             )
_____  )


**FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO TRANSFER VENUE**

Before the Court is Defendant Corrections Corporation of America's ("CCA") Motion to Transfer Venue ("Motion"), filed on April 3, 2008.  Plaintiffs Darryl K. Ah Mau, Individually and as the Personal Representative for the Estate of Sarah Lokelani Ah Mau, Deceased, and Bartholomew Yadao[1] (collectively "Plaintiffs") filed their memorandum in opposition on April 21, 2008, and CCA filed its reply on April 28, 2008.  This matter came on for hearing on May 9, 2008.  Appearing on behalf of CCA were Daniel Struck, Esq., and Brian Bilberry, Esq., and appearing on behalf of Plaintiffs was Michael Jay Green, Esq.  After careful consideration of the Motion, supporting and opposing

_____

[1] Darryl Ah Mau is Sarah Ah Mau's husband and Yadao is her father.

memoranda, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that CCA's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

The instant case arises from the death of Sarah Lokelani Ah Mau while she was an inmate of Defendant State of Hawaii ("the State") incarcerated at the Otter Creek Correctional Center ("Otter Creek") in Wheelwright, Kentucky. CCA operates prison facilities across the country, including Otter Creek.

On December 28, 2007, Plaintiffs filed the instant action against Defendants the State and CCA (collectively "Defendants") in state court.[2] The Complaint alleges a claim under 42 U.S.C. § 1983, as well as various state law claims, based on CCA's alleged failure to provide Sarah Ah Mau with proper medical treatment at Otter Creek. Plaintiffs' claims against the State are based upon the State's placement of Sarah Ah Mau in CCA's care and its failure to properly monitor CCA's operations. On March 3, 2008, CCA removed the action based on federal question jurisdiction.[3]

---

[2] Plaintiffs also named Nurse Iris Prater as a defendant, but they never served her and she did not file an answer. On April 21, 2008, Plaintiffs filed a notice of dismissal without prejudice of all claims against Prater.

[3] At the time, the State and Prater had not been served, but they consented to the removal of the action. [Notice of Removal at ¶¶ 6-7.]

In the instant Motion, CCA[4] argues that venue is improper in Hawaii because none of the events material to Plaintiffs' claims happened in Hawaii.  CCA argues that the case should be transferred to Kentucky.[5]  CCA cites three similar cases brought by Hawaii state prisoners who were injured while incarcerated out-of-state.  In each case, the court found that venue was improper in Hawaii.  [Mem. in Supp. of Motion at 4-5 (citing Grandinetti v. Bauman, 2007 WL 676012 (D. Haw. 2007); Jones v. Corrections Corp. of Am., 2006 WL 2983018 (D. Haw. 2006); Lee v. Corrections Corp. of Am., 525 F. Supp. 2d 1238 (D. Haw. 2007)).]

CCA argues that, although the State is a Hawaii resident, the other defendants are non-residents and venue is therefore improper in Hawaii.  Further, all of the events which give rise to Plaintiffs' claims occurred while Sarah Ah Mau was incarcerated at Otter Creek.  None of the CCA employees at Otter Creek were hired or trained in Hawaii and the employees are not monitored or supervised from Hawaii.  CCA argues that the case

---

[4] In the Motion, CCA stated that Prater had not yet been served, but consents to transfer.  The State had been served, but had not yet answered.  The State consents to transfer and will be represented by counsel for CCA.  [Motion at 1 n.1.]

[5] CCA argues that the case should be transferred to the "United States District Court, District of Kentucky".  [Motion at 1.]  Otter Creek is apparently located within the jurisdiction of the United States District Court for the Eastern District of Kentucky.  See, e.g., Wadsworth v. Kentucky, Civil Action No. 06-CV-108-GFVT, 2007 WL 1115251 (E.D. Ky. Apr. 13, 2007).

should therefore be transferred to Kentucky pursuant to 28 U.S.C. § 1406(a).

In the alternative, CCA argues that, even if venue is proper in Hawaii, the case should still be transferred for the convenience of the parties and the witness and in the interest of justice.  CCA asserts that Kentucky is the more convenient forum because that is where the majority of the witnesses reside.  These include Otter Creek employees, Otter Creek inmates, and outside medical care providers who treated Sara Ah Mau.  Having multiple Otter Creek employees travel to Hawaii for trial would be a substantial burden on the facility.  Further, due to the nature of Plaintiffs' claims, many of the Kentucky witnesses may refuse to testify without compulsory process.  Even if the inmate witnesses are willing to testify, a subpoena would be necessary to transport them to Hawaii and the witnesses are beyond this district court's subpoena power.  CCA also asserts that other sources of proof, including medical records, will be more readily accessible in Kentucky.  Finally, CCA argues that venue is more appropriate in Kentucky because Plaintiffs' state law claims are governed by Kentucky law.

In their memorandum in opposition, Plaintiffs first argue that venue is proper in Hawaii because Defendants all reside in the same state.  CCA is considered a resident of Hawaii for venue purposes because, at the time Plaintiffs filed the

4

Complaint, CCA was subject to personal jurisdiction in Hawaii based on its contract with the State.  Further, because the action was removed from state court, pursuant to 28 U.S.C. § 1441(a), venue lies in the district encompassing the state court where the action was filed.

          Plaintiffs also argue that retaining the case in Hawaii would be more convenient for the witnesses and the parties and would serve the interests of justice.  Plaintiffs assert that the contract between the State and CCA was negotiated and executed in Hawaii and provides that Hawaii law governs disputes arising under the contract.  Further, Plaintiffs emphasize that their choice of forum must be given substantial weight.  While Plaintiffs have no contacts with Kentucky, CCA has substantial and extensive contacts with Hawaii.  CCA is better able to afford the costs of litigating in Hawaii while the costs to litigate in Kentucky would be astronomical for Plaintiffs.  Plaintiffs argue that the majority of the witnesses reside in Hawaii because Defendants are all Hawaii residents and the inmate witnesses either already have been released to Hawaii, or will be by the time trial commences.  Plaintiffs state that two inmates who saw Sarah Ah Mau's excruciating pain and suffering at Otter Creek have been transferred back to Hawaii.  Thus, it would be more cost effective to try the case in Hawaii.  All of the damages witnesses reside in Hawaii.  Plaintiffs argue that to force these

witnesses to testify in Kentucky would be a substantial inconvenience and would impair Plaintiffs' ability to prove their case.

Plaintiffs argue that inmate records, including the records from the State's investigation into Sarah Ah Mau's death, are kept in Hawaii. Plaintiffs argue that CCA did not identify any specific witnesses, other than Prater, who are located in Kentucky and whose testimony is necessary at trial. Plaintiffs also note that it is pure speculation to say that any Kentucky witnesses will be unwilling to testify. Further, compulsory process is not required for the Kentucky witnesses who are employees of CCA.

Plaintiffs urge the Court to deny the Motion, at least until the parties are able to present evidence obtained in discovery. CCA will not be prejudiced by having to defend the action in Hawaii until that time. In contrast, Plaintiffs assert that they will suffer extreme prejudice if the case is transferred.

Finally, Plaintiffs argue that the case should be remanded back to state court because their federal causes of action are merely alternative theories of their state law claims.

In its reply, CCA argues that, at the time Plaintiffs filed the Complaint, all of the defendants did not reside in the same state because Prater is a Kentucky resident. CCA asserts

6

that Plaintiffs dismissed their claims against her to subvert
transfer.  Further, because the dismissal is without prejudice,
Plaintiffs could try to bring Prater back into the lawsuit at a
later date, which CCA argues is not within the spirit of the
federal venue statutes.

CCA, a Maryland corporation with its principle place of
business in Tennessee, asserts that it is not a Hawaii resident
under § 1391(c) because it was not subject to personal
jurisdiction in Hawaii when the action commenced.  CCA argues
that its contract with the State does not subject it to personal
jurisdiction in Hawaii unless the action is a contract dispute
between the parties to the contract.  The instant case sounds
primarily in tort.  Further, CCA does not have offices in Hawaii;
its contract with the State was not signed in Hawaii; and the
State's monitoring of the contract occurred in Kentucky.

Insofar as the original defendants reside in different
states, the Court must look to the location of the substantial
part of the events or omissions at issue in the case.  CCA
rejects Plaintiffs' argument that the federal venue statutes do
not apply where the case was originally filed in state court.
CCA notes that both Lee v. Corrections Corp. of America, and
Lonoaea v. Corrections Corp. of America, Civil No. 07-00369
JMS-KSC, 2007 WL 4145239 (D. Haw. Nov. 21, 2007), involved
removals from state court in which the district court applied 28

7

U.S.C. § 1391 in holding that venue was improper in Hawaii.

Plaintiffs presume that Hawaii substantive law applies to their claims, but CCA argues that Hawaii law only governs disputes arising under the contract and that Sarah Ah Mau was not an intended third-party beneficiary of the contract. Further, the contract specifically disallows third-party beneficiary enforcement of rights under the contract.

CCA maintains that the majority of the witnesses reside in Kentucky. Plaintiff has only cited two unnamed inmate witnesses and other unidentified damages witnesses who reside in Hawaii. CCA argues that all of Sarah Ah Mau's medical providers at Otter Creek reside in Kentucky, including: Prater; Kimberly Isaac, Martha Brooks, Ruth Newsome, Shonna Phillips, Sharon Adams, Freda Castle, Glynnis Little, and Wilma Roberts. Other CCA employee witnesses include Sarah Ah Mau's case workers, Officer Brian Johnson and Assistant Warden Jeff Little. Other witnesses who are beyond this district court's subpoena power include outside medical care providers who treated Sarah Ah Mau at Appalachian Regional Healthcare, and employees from the Perry County Coroner's Office. At the present time, Defendants have limited records from Appalachian Regional Healthcare, but they have already identified Dr. Jesus Datu, Dr. Ashok Patel, Dr. Hunt, "Nurse Ken", and "ICU supervisor Tim" as potential witnesses. CCA argues that the testimony of these witnesses will

8

be crucial to the defense because Sarah Ah Mau was hospitalized for several days prior to her death.

In addition, Sarah Ah Mau had only been at Otter Creek for three months before the events at issue in this case.  Prior to that, she was held at other facilities outside Hawaii.  Testimony from correctional officers and medical personnel at these facilities may be necessary and it would be more convenient for those witnesses to testify in Kentucky.

Finally, CCA argues that the case should not be remanded back to state court because Plaintiffs' Complaint clearly sets forth a federal claim which is not just an alternative theory.

## **DISCUSSION**

Section 1391 of Title 28 of the United States Code provides, in pertinent part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiffs argue that venue is proper because the current defendants, the State and CCA, both reside in Hawaii.  See § 1391(c) (stating that for venue purposes, a corporate defendant

9

is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"). CCA argues that it does not reside in Hawaii and, even if it is considered a Hawaii resident, all defendants did not reside in Hawaii at the time Plaintiffs filed their Complaint because Prater is a Kentucky resident.

On the face of the Complaint, venue would not be proper in Hawaii pursuant to § 1391(b)(1) because Prater does not reside in Hawaii.[6] Plaintiffs dismissed Prater without prejudice, but it is unclear whether this Court must consider Prater's residency in determining whether venue is proper under § 1391(b)(1). See, e.g., Owens v. Midsouth Barge Servs., Inc., Civil Action No. G-07-0189, 2008 WL 582515, at *2 (S.D. Tex. Feb. 29, 2008) (citing conflicting cases regarding whether a court must determine proper venue at the time the plaintiff files his complaint or whether a court may consider subsequent changes of parties). However, whether or not this Court considers Prater's residency, the end result is the same. Based on the previous decisions in similar cases in this district, this Court finds that a transfer of venue is warranted under either § 1406(a) or § 1404(a).[7]

---

[6] The Court assumes, for the sake of argument, that CCA is deemed to reside in Hawaii pursuant to § 1391(c).

[7] The Court has considered Plaintiffs' request to reserve ruling on venue until the parties have had the opportunity to conduct discovery on the issue. The Court finds that discovery

(continued...)

10

**I.    <u>Transfer under § 1406(a)</u>**

If the Court considers Prater's residency, § 1391(b)(1) would not apply because all of the defendants would not reside in Hawaii.  The Court must then determine whether venue is proper under § 1391(b)(2) based on the location of the substantial part of the events or omissions which gave rise to Plaintiffs' claims.

> Substantiality is measured by considering the nexus between the events and the nature of the claims; [that is,] *significant* events or *omissions* material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.  The court should also look to the entire sequence of events underlying the claim, and focus[] on the defendants' (rather than the plaintiff's) actions.

<u>Lee v. Corr. Corp. of Am.</u>, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007) (citations and quotation marks omitted) (alterations and emphases in original).  The crux of Plaintiffs' claims is CCA's alleged failure to provide Sarah Ah Mau with proper medical care while she was in its custody.[8]  Sarah Ah Mau's symptoms allegedly manifested themselves while she was at Otter Creek.  Plaintiffs allege that Otter Creek personnel failed to respond appropriately to her medical complaints.  Thus, although the Plaintiffs'

---

[7](...continued)
regarding venue is not warranted.

[8] Plaintiffs' claims against the State based on its placement of Sarah Ah Mau in CCA's custody and the State's alleged failure to monitor CCA's operations.  Any actions or omissions by the State in Hawaii, however, did not *substantially* give rise to Plaintiffs' claims.  <u>See</u> <u>Lonoaea</u>, 2007 WL 4145239, at *3.

damages may have occurred in Hawaii, because the focus is on Defendants' actions rather than the Plaintiffs', the substantial part of the acts and omissions which give rise to Plaintiffs' claims occurred in Kentucky.[9]  Accord Lee, 525 F. Supp. 2d at 1242 (concluding that the significant events and omissions occurred in Mississippi where "[t]he subject incident, during which Plaintiff allegedly sustained injuries, occurred [in Mississippi].  The allegedly negligent monitoring, supervision, training, and hiring by [the defendants], all occurred in Mississippi."); Lonoaea v. Corr. Corp. of Am., Civil No. 07-00369 JMS-KSC, 2007 WL 4145239, at *3 (D. Haw. Nov. 21, 2007) (same). Plaintiffs therefore could have brought the instant action in Kentucky and venue is improper in Hawaii.  Accord Grandinetti v. Bauman, Civil No. 07-00089 ACK-LEK, 2007 WL 676012, at *5 (D. Haw. Feb. 28, 2007) (ruling that venue is not proper in Hawaii where state prisoner incarcerated in Mississippi claimed he was denied proper medical care because his "claims clearly arise from incidents that allegedly occurred . . . and were allegedly perpetrated by prison officials in Mississippi.  None of the alleged constitutional violations occurred in Hawaii, or were committed by any Hawaii resident."); Jones v. Corr. Corp. of Am.,

_____

[9] Although Plaintiffs' damages occurred in Hawaii, they can be attributed to the effects of Defendants' acts and omissions which Sarah Ah Mau experienced in Kentucky.  See Lonoaea, 2007 WL 4145239, at *3.

12

Civ. No. 06-00531 HG-LEK, 2006 WL 2983018, at *3 (D. Haw. Oct. 16, 2006) (ruling that venue appeared proper in Mississippi where state prisoner who was incarcerated in Mississippi claimed he was denied medical care).

Where venue is improper, the district court must dismiss the action or, if it is in the interest of justice, transfer the case to any district where the plaintiff could have brought the action. See 28 U.S.C. § 1406(a). This Court finds that, if § 1406(a) applies, transferring the case to Kentucky would be in the interest of justice. Accord Lee, 525 F. Supp. 2d at 1243; Lonoaea, 2007 WL 4145239, at *4; Grandinetti, 2007 WL 676012, at *6; Jones, 2006 WL 2983018, at *3.

## II.   Transfer under § 1404(a)

If this Court does not consider Prater's residency, venue would be proper in Hawaii pursuant to § 1391(b)(1). The Court, however, would still find that transfer is warranted pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citation and quotation marks omitted).

Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

The Ninth Circuit has stated that courts must weigh multiple factors in considering a motion for change of venue. <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

<u>Id.</u> at 498-99. In considering whether to transfer this case under § 1404(a), this Court must first determine whether Plaintiffs could have brought the action in Kentucky and then whether "the transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice." <u>Lee</u>, 525 F. Supp. 2d at 1243-44 (citations and quotation marks omitted). Only the second inquiry is at issue in this case.

Transfer to Kentucky will be more convenient for CCA,

14

but not for Plaintiffs.[10]   The Court therefore finds that this
factor is neutral.   CCA has identified numerous witnesses who
reside in Kentucky, including Otter Creek employees and outside
medical care providers who treated Sarah Ah Mau.   CCA may also
call witnesses from other out-of-state penal institutions where
Sarah Ah Mau was held before she was transferred to Otter Creek.
It would be more convenient for those witnesses to travel to
Kentucky than to Hawaii.   As for Plaintiffs, in addition to their
own testimony regarding damages, they only refer to two unnamed
Otter Creek inmate witnesses who have since been released to
Hawaii.   They also speculate that other inmate witnesses will be
released to Hawaii by the time of trial.   Thus, the Court finds
that the convenience of the witnesses favors transfer.

In considering the interest of justice prong, the Court
considers the following public and private interest factors:

> The public factors include:
>         (1) administrative difficulties flowing from
> court congestion; (2) imposition of jury duty
> on the people of a community that has no
> relation to the litigation; (3) local
> interests in having localized controversies
> decided at home; [and] (4) the interest in
> having a diversity case tried in a forum
> familiar with the law that governs the action
> . . . [and] the avoidance of unnecessary
> conflicts of law.
> Private factors include:
>         (1) relative ease of access to sources of
> proof; (2) the availability of compulsory

---

    [10] Transfer would presumably be less convenient for the
State, but the State has consented to transfer.

15

> process for attendance of unwilling
> witnesses, and the cost of obtaining
> attendance of witnesses; (3) possibility of
> viewing subject premises; [and] (4) all other
> factors that render trial of the case
> expeditious and inexpensive.

Id. at 1244 (citations omitted) (alterations in original).

Having considered the relevant factors, the Court finds that the interest of justice favors transfer. Although Hawaii has an interest in the action because it involves a Hawaii inmate, Kentucky has a greater interest in resolving the controversy because the substantial part of acts or omissions allegedly leading to Sarah Ah Mau's death occurred at Otter Creek. The medical facilities at Otter Creek and Appalachian Regional Healthcare would also be available for viewing, if necessary. Further, insofar as it appears that the majority of the witnesses reside in Kentucky, compulsory process would be available to compel the attendance of any unwilling witnesses. The availability of records is neutral because records are apparently maintained in both Hawaii and Kentucky. Accord id. at 1245 & n.6; Lonoaea, 2007 WL 4145239, at *6 & n.7. The parties dispute which state's law applies to Plaintiffs' claims. The Court, however, need not determine which state's law applies at this time because the legal issues in this case are not unusually complex. Thus, even if Hawaii law applies, a Kentucky court should not have difficulty applying Hawaii law, and this district court would not have difficulty applying Kentucky law if it

16

applies.   Familiarity with the applicable law is therefore a neutral factor.

The Court finds that, even if venue is proper in Hawaii, the case should be transferred to Kentucky pursuant to § 1404(a).

## III. <u>Remand</u>

Finally, the Court notes that Plaintiffs argued in their memorandum in opposition that the case should be remanded back to state court.   The Court declines to address this argument.   If there are grounds to remand the case, Plaintiff should raise them in a separate motion.

<u>CONCLUSION</u>

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that CCA's Motion to Transfer Venue, filed on April 3, 2008, be GRANTED.   The Court RECOMMENDS that the district judge transfer the instant case to the United States District Court for the Eastern District of Kentucky.

IT IS SO FOUND AND RECOMMENDED.

DATE AT HONOLULU, HAWAII, June 2, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DARRYL K. AH MAU, ETC., ET AL. V. STATE OF HAWAII; CIVIL NO. 08-00109 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO TRANSFER VENUE**